■ (A) In the Matter of the Claim of John Filipowicz, Respondent, v. De Laval Separator Company et al., Appellants. Workmen's Compensation Board, Respondent. (B) In the Matter of the Claim of John Brown, Respondent, v. Incorporated Village of Old Brookville et al., Appellants, and Glenwood Hook & Ladder, Engine & Hose Co. et al., Respondents. Workmen's Compensation Board, Respondent. (C) In the Matter of Larry Brinkley v. William S. Hults, as Commissioner of Motor Vehicles. (D) McNamara Realty, Inc., Respondent, v. John Ponzillo, Appellant. (E) In the Matter of the Claim of Joseph Goldstein, Respondent, v. I. Mener et al., Appellants. Workmen's Compensation Board, Respondent. (F) In the Matter of the Claim of Louis Monkofsky, Appellant, v. Central & Laundry Serv. et al., Respondents. Workmen's Compensation Board, Respondent.— [In each action] Appeals dismissed, without costs, unless appellants shall file and serve records, briefs and notes of issue for the March 1963 Term on or before February 1, 1963, in which event motions denied. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ (A) The People of the State of New York, Respondent, v. Walter H. Lischak, Appellant. (B) The People of the State of New York, Respondent, v. Joseph Angell, Appellant. (C) In the Matter of Christopher M. Cragg, Jr., Appellant, v. Russell G. Oswald, as Chairman of the Parole Board, Respondent. (D) The People of the State of New York, Respondent, v. Leon Frank Parker, Jr., Appellant.— [In each action] Time to perfect appeals extended 90 days. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of William P. Gray, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Permission to prosecute appeal as poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.